# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

Southern Division

Case: 2:26-cv-13041
Assigned To : Murphy, Stephen J., III
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 8/25/2026
Description: CMP Ellis v. Burton Glen Charter Academy (tt)

Tabia Ellis

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Burton Glen Charter Academy

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)* [X] Yes [ ] No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tabia Ellis |
| Street Address | 11288 Grand Oak Dr |
| City and County | Grand Blanc, Genesee County |
| State and Zip Code | MI 48439 |
| Telephone Number | (810) 447-9984 |
| E-mail Address | tabiae@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Burton Glen Charter Academy |
| Job or Title *(if known)* | Employer / Charter School |
| Street Address | 4171 E Atherton Rd |
| City and County | Burton, Genesee County |
| State and Zip Code | MI 48519 |
| Telephone Number | (810) 744-2300 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Burton Glen Charter Academy |
| Street Address | 4171 E Atherton Rd |
| City and County | Burton, Genesee County |
| State and Zip Code | MI 48519 |
| Telephone Number | (810) 744-2300 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[X] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Other federal law *(specify the federal law)*:

[ ] Relevant state law *(specify, if known)*:

[ ] Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [X] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [X] Unequal terms and conditions of my employment.
- [X] Retaliation.
- [X] Other acts *(specify)*: Harassment/hostile treatment and unequal discipline/evaluations

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

Dec. 2024-Sept. 25, 2025; key acts June 9, Aug. 17-24, Sept. 4, 8, 15-16, and 25, 2025.

C. I believe that defendant(s) *(check one)*:

- [ ] is/are still committing these acts against me.
- [X] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [X] race Black
- [ ] color
- [ ] gender/sex
- [X] religion Muslim
- [ ] national origin
- [ ] age *(year of birth)* ________ *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

See Attachment A - Statement of Facts (attached).

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

10/30/2025 - EEOC Charge No. 471-2026-03081

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 05/26/2026.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attachment B - Relief Requested (attached).

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/24/2026

Signature of Plaintiff: Tabia M. Ellis

Printed Name of Plaintiff: Tabia Ellis

### B. For Attorneys

Date of signing: ______

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



Print Save As... Add Attachment Reset

# ATTACHMENT A - STATEMENT OF FACTS

## Tabia Ellis v. Burton Glen Charter Academy

1. I am Black and Muslim. Burton Glen administrators knew that I was Muslim because I told them.

2. I worked as a third-grade teacher at Burton Glen Charter Academy in Burton, Michigan from approximately September 2024 until my termination on September 25, 2025. During my employment I experienced exclusion, inadequate classroom support, negative and inaccurate performance criticism, and repeated accusations that I was hostile, noncompliant, absent, or tardy.

3. At the school Christmas party in December 2024, there was no assigned seating. No coworkers invited my daughter and me to their tables or spoke with us, so we sat by ourselves. Dean Kristine Wightman told me, although I had just arrived and had not said I planned to leave, words to the effect of: "You probably won't be here long; you'll leave soon and miss this." A server independently commented that she noticed we appeared uncomfortable and that people had been rude to me. I felt Wightman then ushered me toward leaving, while Principal Aaron Williams avoided eye contact and did not speak to me.

4. In June 2025, Wightman and writing teacher/specialist Kim Brisson criticized me in an evaluation as having done little or nothing to prepare my students for writing or implement feedback. I disputed those statements. I had spent hours preparing writing lessons, worked with my students, met with Brisson and Wightman, and followed their writing plan. My students completed writing samples that were displayed in the hallway on time.

5. I regularly discussed the writing requirements with the other two third-grade teachers, who were white. When I asked how they were finding time to complete the tasks I had been directed to perform, they told me words to the effect of, "We haven't even started that," "Why are you doing all that?" and that they only needed their students to write a few sentences. I observed Brisson reassuring them that their work was fine.

6. I challenged the June evaluation with Principal Aaron Williams and Wightman. I stated that I was being treated unfairly and that the evaluation was not true. Williams responded, "Do you think you're always right, Ms. Ellis?" I denied that and questioned the hostility toward me when I had tried to implement the feedback. Williams later acknowledged that saying I had "never" done anything was harsh, but the evaluation remained unchanged. Burton Glen nevertheless offered me a slight raise to return for the next school year.

7. During summer 2025, I was in Atlantic City while my father suffered a heart attack and was diagnosed with Stage III lung cancer. My existing paperwork indicated a return-to-work date of approximately August 24, 2025. Williams later stated that an earlier reporting date had been communicated during the summer. I do not deny that a notice may have been sent; because of my father's medical crisis, I may not have noticed the change.

8. When corporate personnel contacted me concerning my absence, I explained the emergency, notified Wightman and others, and returned. Wightman later claimed she had called me and that I had refused to return to work. I had no record of such a call and deny refusing a directive to return. Williams told me that management would decide whether it wanted me back. Corporate instructed me to provide documentation of the family medical emergency, and I did. After my termination, Burton Glen deducted pay relating to the disputed absence from my final compensation.

9. I also missed approximately three workdays when I had pneumonia and provided documentation. Wightman repeatedly raised my attendance negatively during evaluations. I observed substantially longer or more frequent absences by other employees, including a white third-grade teacher who was absent for approximately two months, a Black male second-grade teacher who was absent for weeks, and interventionist/paraprofessional Jamie Boatwright, who was frequently absent.

10. Wightman also accused me of habitual tardiness. I acknowledge approximately five occasions during the school year when I was actually late for reasons such as car trouble or an appointment and called in. I dispute being habitually tardy. At times I was treated as late merely because I was not physically at my classroom desk even when I was already in the building performing work such as making copies before students arrived.

11. Around September 4, 2025, I complained to Wightman about the student later involved in the September 15 incident. I reported behavioral problems, including refusal to work, disruptive behavior, falling asleep or putting his head down, and other concerns. Wightman did not provide additional support and suggested that I handle him as his kindergarten teacher had.

12. Around September 8, 2025, I complained to Dean Lindsay Ford, who supervised interventionists/paraprofessionals, about Jamie Boatwright. I said that I did not know what Boatwright's issue with me was, but that she provided more support to white teachers who were not even her assigned classroom teachers and to the other two third-grade teachers, who were white. Ford responded in substance that she hoped that was not happening because it was not part of school policy, then suggested that Boatwright might simply not like me.

13. On September 15, 2025, Boatwright was absent and I was teaching my class alone without the regular paraprofessional/interventionist support. I was managing several students and multiple behavioral incidents while attempting to teach.

14. The student involved in the later disciplinary matter had previously refused work, put his head down, played with toys or objects under his desk, broken crayons or torn paper, complained of stomach discomfort, and sometimes said he felt faint when he had not eaten. I had previously communicated with his mother about his behavior and physical complaints.

15. On September 15, the student returned from the restroom and was playing with a toy under his desk despite prior instructions not to play with toys during class. I addressed disputes and fights involving students, moved or separated desks, and continued trying to teach. The student refused to work and put his head down. Based on what I had observed and his prior behavior, I understood him to be refusing work or pouting rather than unconscious.

16. I attempted to get assistance from the behavioral specialist but could not locate or reach him. I tried to get the student to respond approximately three times. On the final attempt, I told him that I would contact his mother. He continued refusing to participate.

17. When the gym teacher arrived, I stepped out for lunch. When I returned, the student was still at his desk and administration became involved. I suggested calling emergency medical personnel to be safe. I was told that the student's vital signs were normal.

18. The student's mother later alleged that the student said another child kicked him in the head in the bathroom and that I failed to respond. Principal Williams later told me that review of camera footage showed that allegation was false. I also understood that medical records did not establish a concussion. The student was returned to my classroom. I thereafter insisted that a male staff member accompany him to the restroom.

19. Around September 16, 2025, I told Williams what had happened and reminded him that I had already complained to Wightman about this student before the incident. I was told that I would have an opportunity to present my side and review the camera evidence.

20. I was not provided the promised opportunity to review the camera evidence or fully present my account before Burton Glen terminated my employment effective September 25, 2025. I also lost access to my work email and other records after termination.

21. I believe similarly situated white teachers were treated more favorably in classroom support and performance expectations and that I was subjected to unequal terms and conditions because of my race. I also believe I experienced discrimination based on my known Muslim faith, including exclusionary treatment in a workplace where Christian identity and Christmas activities were prominently expressed.

22. I also believe I was retaliated against. Before my termination, I expressly complained to Dean Lindsay Ford that Boatwright provided greater support to white teachers than to me. I was terminated approximately seventeen days later. I believe my complaints about unequal treatment and discrimination contributed to the adverse treatment and termination.

## ATTACHMENT B - RELIEF REQUESTED

### Tabia Ellis v. Burton Glen Charter Academy

I respectfully request all relief available under Title VII, including: (1) back pay and lost employment benefits from September 25, 2025 through judgment, in an amount to be established from payroll, benefit, and employment records; (2) reinstatement to an appropriate position or, if reinstatement is not feasible, front pay; (3) compensatory damages for emotional distress, humiliation, inconvenience, and other nonpecuniary harm in an amount to be determined by the trier of fact; (4) punitive damages to the extent permitted by law; (5) recovery of any improperly deducted wages or paid-time-off amounts proven in this action; (6) costs; and (7) any other relief the Court finds just and proper. The discriminatory and retaliatory acts are not continuing because my employment has ended.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/22/2026

**To:** Tabia Ellis
11288 Grand Oak Dr
Grand Blanc, MI 48439
Charge No: 471-2026-03081

EEOC Representative and email: ADAM PATON
INVESTIGATOR
ADAM.PATON@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 471-2026-03081.

On behalf of the Commission,

Digitally Signed By:Ramiro Gutierrez
05/22/2026

Ramiro Gutierrez
Director

**Cc:**
Incident Location
Burton Glen Charter Academy
4171 E Atherton Rd
Burton, MI 48519

Tiffany Kennedy
The Law Office of Penzato & Hicks
25800 Northwestern Highway Suite 400
Southfield, MI 48075

Shane Pranger
3850 Broadmoor Avenue SE Suite 201
Grand Rapids, MI 49512

Hilaria Lisa Mbati Esq.
Capital Rights Law
1015 15th St NW Suite 1000
Washington, DC 20005

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 471-2026-03081 to the District Director at Richard Burgamy, 115 W. Washington St. South Tower Suite 600, Indianapolis, IN 46204.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 471-2026-03081 to the District Director at Richard Burgamy, 115 W. Washington St. South Tower Suite 600, Indianapolis, IN 46204.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: ☐ FEPA ☒ EEOC

Agency(ies) Charge No(s):

____________________ and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Tabia Ellis | +1(810) 447-9984 | 1975 |

Street Address / City, State and ZIP Code: 11288 Grand Oak Dr, Grand Blanc, MI 48439, USA, 3

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Burton Glen Charter Academy | 100-499 | +1(810) 744-2300 |

Street Address / City, State and ZIP Code: 4171 E Atherton Rd, Burton, MI 48519

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code:

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☒ RACE ☒ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 9-28-2025 | 10-9-2025 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I worked for Burton Glen Charter Academy as a third grade teacher in Burton, Michigan from around September 2024 to October 2025. This charge arises under Title VII of the Civil Rights Act of 1964. To my knowledge, the employer has approximately 100 to 499 employees. I am Black and Muslim. From day one I was harassed and marginalized, including rude treatment in front of students, exclusion from meetings and decisions, bad job assignments without full instructions, and being placed with students without disclosure of their needs while my evaluations were marked down with false statements. I also experienced sexual harassment in subtle forms. In late August and early September 2025 my father had a medical emergency, and I requested family and medical leave and used PTO for a pre-school training period; despite coordinating with corporate to enter the leave, the school later deducted those days from my final paycheck and continued to accuse me of poor attendance even when I was hospitalized with pneumonia. On 2025-09-29 a student made a false report about being hit in the head and I was blamed for not noticing; shortly after that incident I was written up. I complained to Principal Alexander Williams and to Dean Christine Whiteman around late September and early October 2025 about harassment, discrimination based on my race and religion, the unfair write-up tied to the 09-29 incident, exclusion from meetings, denial of advancement on the pay scale, and improper pay and PTO deductions. After my complaints, Dean Christine Whiteman continued to undermine me, exclude me, and issue negative evaluations, and I was punished for complaining through continued discipline and hostile treatment that made the job feel impossible. On 2025-10-10 Burton Glen Charter Academy terminated my employment without a meeting to review evidence, and I received no severance. Based on the timing after my complaints, my race and religion being known, and shifting reasons about attendance, pay, and the 09-29 student incident, I was treated this way because of my religion and race. I request that the EEOC accept and docket my charge.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State or Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

October 30, 2025 [signature]

Date — *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

BoldSign

# Certificate of Completion



## Summary

**Document ID**
9080f05e-ccc9-4ebc-b846-071b03a9e1cf

**Type**
Signature Request

**Document Name**
document-1.pdf

**Status**
Completed

**Page Count**
2

**Signer/Reviewer Count**
1

**Sent At**
Oct 30, 2025 20:08:11 UTC

**Completed At**
Oct 30, 2025 20:10:28 UTC

**Title**
EEOC Personal Letter

**Signing order**
Disabled

## Sender

**Name**
YesLawyer Accounts

**Email ID**
accounts@yeslawyer.com

**IP Address**
52.72.223.11

**Device**
Generic via Desktop

## Recipients

**Name**
Tabia Ellis

**Email ID**
tabiaE@gmail.com

**IP Address**
172.58.125.42

**Device**
Chrome via Mobile

**Signature Type**
Drawn Signature

**Security Authentication**
-

**Electronic Signature Disclosure Consent**
Accepted: Oct 30, 2025 20:09:59 UTC

**Signature**

**Timestamps**

Oct 30, 2025 20:10:27 UTC - Embedded Signed

Oct 30, 2025 20:09:59 UTC - Viewed

Oct 30, 2025 20:08:11 UTC - Sent

## Audit Trail

| | | |
|---|---|---|
| **Sent:**<br>Oct 30, 2025 20:08:11 UTC | YesLawyer Accounts sent the document to Tabia Ellis (tabiaE@gmail.com). | |
| **Viewed:**<br>Oct 30, 2025 20:09:59 UTC | Tabia Ellis (tabiaE@gmail.com) viewed the document.<br>tabiaE@gmail.com | IP: 172.58.125.42 |
| **Signed using an embedded signing link:**<br>Oct 30, 2025 20:10:27 UTC | Tabia Ellis (tabiaE@gmail.com) has signed the document using an embedded sign link.<br>tabiaE@gmail.com | IP: 172.58.125.42 |
| **Completed:**<br>Oct 30, 2025 20:10:28 UTC | Document has been completed | |

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Tabia Ellis

**DEFENDANTS**
Burton Glen Charter Academy

**(b)** County of Residence of First Listed Plaintiff: Genesee County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tabia Ellis, Pro Se
11288 Grand Oak Dr., Grand Blanc, MI 48439
(810) 447-9984

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 2000e et seq.

Brief description of cause:
Title VII race and religious discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** See Complaint

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 08/24/2026

SIGNATURE OF ATTORNEY OF RECORD [signature] Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______